UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Holt of California, NC Machinery Co., Peterson Tractor Co., Quinn Group, Inc., And Tractor & Equipment Co., | Civil No. 07-4309 (JRT/FLN) |
| Plaintiffs, | |
| v. | **REPORT AND RECOMMENDATION** |
| BNSF Railway Company, | |
| Defendant. | |

Brent Wm. Primus for Plaintiffs.
Timothy R. Thorton and Elizabeth M. Brama for Defendant.

___

**THIS MATTER** came before the undersigned United States Magistrate Judge on June 13, 2008, on Defendant's Motion for Summary Judgment [#27]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends Defendant's Motion be granted.

**I.   FINDINGS OF FACT**

For purposes of this motion, the Defendant accepts the facts alleged in the Plaintiffs' Complaint and the parties have agreed upon the following undisputed material facts:

1. [Defendant] transports heavy Caterpillar equipment, such as tractors, from the factory to the dealers, including plaintiffs.

2. Caterpillar, the consignor of the lading, tendered the equipment to [Defendant] for delivery to the [Plaintiffs].

3. [Plaintiffs] were responsible for the transportation costs.

4. The amount charged was specified in the "confidential quote" [Defendant] provided to Caterpillar for the transportation equipment Caterpillar manufactured.

> 5. In addition to private quotes, [Defendant] publicizes price lists, described by plaintiffs as "public tariffs," that offer heavy machinery transportation charges between Caterpillar's facility and plaintiffs' dealerships.
>
> 6. For the shipments at issue in this lawsuit, the publicly available price lists are less expensive than the "confidential quote."
>
> 7. The transportation giving rise to plaintiffs' claims involves commodities that are exempt from regulation.

(Def. Mem. in Supp., Docket No. 27, 6-7; Pl. Mem. in Opp'n, Docket No. 28, 5.) In addition to these undisputed facts, Plaintiffs have proposed two additional undisputed facts: "[f]irst, the contract(s) of carriage for the subject shipments is comprised of BNSF documents 0002, 0003, 0005, and 0006-0048 [and] second, that Defendant is a common carrier." (Pl. Mem. in Opp., 5.) Defendant contends that the facts posited by Plaintiffs are not material to a determination of this motion and therefore, does not dispute the Court's acceptance of these facts for the purposes of this motion.[1] (Def. Reply, Docket No. 31, 9.)

## II.  STANDARD OF REVIEW

According to Federal Rule of Civil Procedure Rule 56, summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In order to determine whether a certain fact is material, "it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." *Anderson v. Liberty Lobby, Inc*, 477 U.S. 242, 248

---

[1] In the event that Defendant disputed the two facts provided by Plaintiffs, Plaintiffs had brought a Conditional Request for Postponement Pursuant to Rule 56(f)[#29] to allow for further discovery. Since Defendant does not dispute these two factual allegations, Plaintiffs request is moot.

(1986). Summary judgment will not be granted "if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. "The inquiry performed is the threshold inquiry of determining whether . . . there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250.

### III. LEGAL ANALYSIS

Plaintiffs bring this suit to recover the difference between the price they paid Defendant, pursuant to the confidential quote between Defendant and Caterpillar, and the publicly available price. Plaintiffs contend they are entitled to such recovery based upon "well-settled law" that establishes Plaintiffs "[are] entitled to the lowest applicable rate." (Compl., Docket No. 1, ¶¶ 16, 20, 24, 27, 32.) The "well-settled law" referenced in Plaintiff's complaint is the common law doctrine of rate reasonableness. *See Texas & Pacific Railway Co. v. Abilene Cotton Oil Co.*, 204 U.S. 426, 436 (1907) (discussing the common law doctrine of rate reasonableness).

In 1887, Congress passed the Interstate Commerce Act ("ICA"), which codified the common law. With passage of the ICA, all common law actions challenging rates established under the ICA were preempted. *G&T Terminal Packaging Co., Inc. V. Consol. Rail Corp.*, 830 F.2d 1230, 1234 (3d Cir. 1987) (citing the Supreme Court's holding in *Abilene Cotton Oil Co.*). Between 1887 and 1976, under the ICA, the Interstate Commerce Commission ("ICC") actively regulated railroad rates. *Id*. Disputes over which rate applied to a given shipment were decided by the ICC pursuant to what came to be called, "the filed rate doctrine." *See generally*, *Maislin Industries, U.S., Inc. v. Primary Steel, Inc.* 497 U.S. 116, 127 (1990). With the passage of the Railroad Revitalization and

Regulatory Reform Act of 1976,[2] and the Staggers Rail Act of 1980,[3] Congress began to deregulate the railroad industry. *Id*. at 1231. Under these acts, the ICC was empowered to exempt commodities from regulation. *Id*. at 1234. It is undisputed that ICC Exempted the transportation of the commodities at issue here from rate regulation.[4]

Plaintiffs argue that since the goods have been exempted from rate regulation, the common law regarding rail rates as it existed in 1887, prior to the passage of the ICA, applies. In particular, Plaintiffs seek to apply the common law principle (later codified as the filed rate doctrine) that the shipper pays the lowest rate. The Third Circuit has squarely addressed this issue in *G&T Terminal, supra*. In *G&T Terminal*, the Court held that exemption from rate regulation does not resurrect common law remedies regarding rail rates. *Id*. To support its holding, the Third Circuit wrote:

> The remedies available against rail carriers with respect to rail rates, classification, rules and practices are exclusively those provided by the Interstate Commerce Act, as amended, and any other federal statutes which are not inconsistent with the Interestate Commerce Act. No state law or federal or state common law remedies are available.

*Id*., (quoting H.R. Conf. Rep. No. 96-1430, 96th Cong., 2d Sess. 106). When a commodity is exempted from rate regulation, parties challenging rates may not seek previously existing common law remedies in this Court. Rather, the Surface Transportation Board (to which Congress transferred the ICC's remaining power over rates) retains jurisdiction over the exempt traffic.

---

[2] Pub. L. No. 94-210, 90 Stat. 31.

[3] Pub. L. No. 96-448, 94 Stat. 1895.

[4] In 1995, Congress abolished the ICC, and transferred its remaining powers to the Surface Transportation Board (STB). ICC Termination Act, Pub. L. No. 104-88, 109 Stat. 803,932.

Except for some unrelated provisions[5] the law states, "the remedies provided under this part with respect to regulation of rail transportation are exclusive and preempt the remedies provided under Federal or State law."  49 U.S.C. § 10501(b) (2008).  As the court in *G &T Terminal* noted, the legislative history of the Staggers Act unequivocally states that "[n]o state law or federal or state common law remedies are available" against rail carriers with respect to rail rates; only the remedies set forth in the statute are available.  830 F.2d at 1234.  As Plaintiffs seek to recover based upon a common law principle, which is no longer applicable, Defendant is entitled to summary judgment.

Plaintiffs have argued by granting summary judgment to the Defendant the Court leaves Plaintiffs without a remedy and Defendant subject to absolutely no regulation regarding the reasonableness of the rates.  As stated in *G&T Terminal*, "[t]he shippers' remedy for [rate reasonableness] is simple: it can choose to use other means of transportation.  Congress and the Commission have determined that the market is adequate protection; it is not the place of this court to disagree with that determination."  *Id*. at 1235-36.  Here, Defendant and Caterpillar have negotiated a rate to ship goods to Plaintiffs.  When Plaintiffs decide to use the defendant's rail services for the delivery of Caterpillar goods, Plaintiffs agree to pay the rate negotiated between Defendant and Caterpillar.  Nothing prevents Plaintiffs from exploring different options for the delivery of the goods from Caterpillar to them. Plaintiffs could also attempt to persuade Caterpillar to negotiate a better rate from Defendant, or could themselves negotiate a different allocation of shipping costs as between Catepillar and the Plaintiffs.  In short, regarding commodities exempt from rate regulation, as the Third Circuit noted in *G & T Terminal*, at 1235-36, "Congress and the

---

[5]**The exceptions, relating to transportation provided by local governments, do not apply to this case.  49 U.S.C. § 10501(c).**

Commission have determined that the market is adequate protection; it is not the place of this court to disagree with that determination."

Lastly, Plaintiffs put forth arguments under contract and quasi-contract theories. However, the Plaintiffs have plead neither theory in their complaint. Even under the liberal concept of notice pleading, Plaintiffs complaint cannot be read to make such claims. Plaintiffs seek to recover amounts paid to the Defendant based upon what they describe as "a matter of well-settled law" that "a shipper ... is entitled to the lowest applicable rate." Because there is no such legal principle applicable here, Defendant is entitled to summary judgment.

### IV. RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's Motion for Summary Judgment [#27] be **GRANTED**.

DATED: September 9, 2008               s/ *Franklin L. Noel*
                                       FRANKLIN L. NOEL
                                       United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **September 26, 2008**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **September 26, 2008,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.