UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| HOLT OF CALIFORNIA,<br>N C MACHINERY CO., and<br>TRACTOR & EQUIPMENT CO.,<br><br>                  Plaintiffs,<br><br>v.<br><br>BNSF RAILWAY COMPANY,<br><br>                  Defendant. | Civil No. 07-4309 (JRT/FLN)<br><br>**ORDER ADOPTING REPORT<br>AND RECOMMENDATION<br>GRANTING SUMMARY JUDGMENT<br>FOR DEFENDANT** |

Brent William Primus, **PRIMUS LAW OFFICE, P.A.**, 331 Second Avenue South, Suite 710, Minneapolis, MN 55401, for plaintiffs.

Timothy R. Thornton and Elizabeth M. Brama, **BRIGGS & MORGAN P.A.**, 80 South Eighth Street, Suite 2200, Minneapolis, MN 55402, for defendant

This case is before the Court on plaintiffs' Holt of California, N C Machinery Co., and Tractor and Equipment Co.'s (collectively, "plaintiffs") objections to a Report and Recommendation issued by United States Magistrate Judge Franklin L. Noel on September 9, 2008.  After a *de novo* review of the objections to the Report and Recommendation, *see* 28 U.S.C. § 636(b)(1); Local Rule 72.2(b), the Court adopts the Report and Recommendation for the reasons given below.

## BACKGROUND

The following facts are undisputed.  BNSF Railway Co. ("BNSF") transports heavy Caterpillar equipment, such as tractors, from the factory to the dealers, including to plaintiffs.  (Docket No. 39, Report and Recommendation at 1.)  Caterpillar tenders the

heavy equipment to BNSF for delivery to plaintiffs. (*Id.*) Plaintiffs are responsible for the transportation costs, and the amount charged by BNSF to Caterpillar for transportation was specified in a "confidential quote" provided to Caterpillar. (*Id.*) BNSF also publicizes price lists, described by plaintiffs as "public tariffs," that offer heavy machinery transportation charges between Caterpillar's facility and plaintiffs' dealerships. (*Id.* at 2.) For the shipments at issue in this lawsuit, the publicly available price lists are less expensive than the "confidential quote" given to Caterpillar by BNSF. (*Id.*) The parties do not dispute that the transportation giving rise to plaintiffs' claims involve commodities that are exempt from regulation. (*Id.*)

On October 19, 2007, plaintiffs filed a complaint against BNSF, seeking to recover the difference between the confidential quotes paid to BNSF and the less expensive public tariffs, arguing that as "a matter of well-settled law" plaintiffs are entitled to the lowest applicable transportation rate. (Docket No. 1, ¶ 16.) On September 9, 2007, Magistrate Judge Noel issued a Report and Recommendation granting BNSF's motion for summary judgment, finding that plaintiffs were barred from recovering under common law principles regulating rail transportation rates. (Report and Recommendation at 5.) The Magistrate Judge also declined to review plaintiffs' contract and quasi-contract arguments, finding that plaintiffs failed to plead such theories in their complaint. (*Id.* at 6.) Plaintiffs subsequently filed objections to the Report and Recommendation, claiming that they had appropriately brought "tariff construction and interpretation" claims and that they properly pled a contract cause of action in their complaint.

**I.      STANDARD OF REVIEW**

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party can demonstrate that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit, and a dispute is genuine if the evidence is such that it could lead a reasonable jury to return a verdict for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A court considering a motion for summary judgment must view the facts in the light most favorable to the non-moving party and give that party the benefit of all reasonable inferences that can be drawn from those facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**II.     OBJECTIONS TO THE REPORT AND RECOMMENDATION**

In the complaint, plaintiffs' sole reference to governing law is as follows: "As a matter of well-settled law, a shipper such as [plaintiff] is entitled to the lowest applicable rate and, accordingly, [plaintiff] was overcharged by BNSF . . . ." (Compl., Docket No. 1, ¶¶ 16, 20, 24, 28, 32.) The Magistrate Judge determined that the "well-settled law" referenced by plaintiffs is the common law doctrine of rate reasonableness. (Report and Recommendation, Docket No. 39 at 3.). The doctrine of rate reasonableness provides that, "where, on the receipt of goods by a carrier, an exorbitant charge is stated, and the same is coercively exacted, either in advance or at the completion of the service, an action may be maintained to recover the overcharge." *Tex. & Pac. Ry Co. v. Abilene Cotton Oil Co.*, 204 U.S. 426, 436 (1907).

In concluding that plaintiffs were barred from asserting the doctrine of rate reasonableness, the Magistrate Judge briefly reviewed the history of the regulation of railroad rates.  (*Id.* at 3-4.)  The Magistrate Judge noted that it is undisputed that the Interstate Commerce Commission ("ICC"), which regulated railroad rates prior to its abolition in 1995, "[e]xempted the transportation of the commodities at issue here from [statutory] rate regulation." (*Id.* at 4.)  Moreover, the Magistrate Judge held that exemption of the commodities from statutory rate regulation did not "resurrect common law remedies regarding rail rates."  (*Id.* at 4 (citing *G&T Terminal Packaging Co., Inc. v. Consol. Rail Corp.*, 830 F.2d 1230, 1234 (3d Cir. 1987)).)  Plaintiffs' objections to those conclusions are dealt with separately below.

### A.     Plaintiffs May Not Recover Under Any Federal Common Law Claim

Plaintiffs first argue that the Magistrate Judge mischaracterizes their claim as challenging the reasonableness of the rates charged.  Instead, plaintiffs argue that they are seeking to recover under "tariff construction and interpretation" principles that dictate "that a shipper is entitled to the lowest applicable tariff rate."  (Pl.'s Objections, Docket No. 40 at 3.)  Plaintiffs' arguments are unpersuasive.

As an initial matter, it is questionable whether plaintiffs actually intended to bring their claims under a tariff construction theory.  In fact, plaintiffs' brief in opposition to BNSF's motion for summary judgment repeatedly references the principles of the reasonable rate doctrine. (*See* Pl.'s Opp. Mem., Docket No. 28 at 3 ("Plaintiffs maintain that common law principles relating to the reasonableness of the rate may, and should, be used by this Court to determine which of two applicable rates . . . is the appropriate rate

for Defendant to charge the Plaintiffs."); *Id.* at 6 ("[W]hile the current litigation does not involve either damage to cargo nor [sic] rate discrimination, it does involve principles of rate reasonableness."); *Id.* at 7 ("[Obligations under the 1887 Act were] based on common law principles relating to the determination of whether or not a rate was reasonable or unreasonable."); *Id.* at 17 (arguing that plaintiffs are entitled under common law principles to apply the lowest of two applicable rates, which "would be the reasonable one to charge"); *Id.* at 18 ("[I]t would be unreasonable to charge the same shipper the higher of two applicable rates.").)

Moreover, regardless of whether plaintiffs' claims are brought under the reasonable rate doctrine or the tariff principles, it is undisputed that the commodities at issue here are exempt from regulation.[1] When traffic has been exempted, "[n]o state law or federal or state common law remedies [regarding rail rates] are available." *G&T Terminal*, 830 F.2d at 1234 (quoting H.R. Conf. Rep. No. 96-1430, 96th Cong., 2d Sess. 106, *reprinted in* 1980 U.S. Code Cong. & Admin. News 3978, 4110, 4138). That is, only federal statutory remedies are available. *G&T Terminal*, 830 F.2d at 1234. Plaintiffs have identified no federal statutory basis for any tariff or reasonableness claim.[2]

---

[1] Plaintiffs cite to *Rebel Motor Freight, Inc. v. Interstate Commerce Commission* and *Norfolk & Western Railway v. Permaneer, Inc.* for the proposition that "it is *well-settled* that the lower rate applies when ambiguity exists as to the applicable [tariff] rate." (Pl.'s Objections, Docket No. 40 at 4-5 (citing *Rebel Motor Freight, Inc. v. Interstate Commerce Comm'n*, 971 F.2d 1288, 1294-95 (6th Cir. 1992); *Norfolk & W. Ry. v. Permaneer, Inc.*, 455 F.2d 76, 78 (8th Cir. 1972)).) Those cases dealt with the interpretation or construction of tariffs that were regulated by the ICC, whereas the rates at issue in the instant case are *exempt* from regulation.

[2] Tariff construction or interpretation, however, is merely a common law principle established by federal courts. Further, it is clear that the exemption of these commodities from statutory rate regulation does not resurrect a common law claim for rate reasonableness. *Id.*; *see*

(Footnote continued on next page.)

Accordingly, plaintiffs may not recover under the tariff interpretation or construction theory, nor may they recover under the rate reasonableness doctrine.[3] Plaintiffs' objection is therefore overruled.

### B. Plaintiffs Do Not Properly Plead Contract or Quasi-Contract Claims

Plaintiffs further object to the Magistrate Judge's conclusion that plaintiffs failed to plead contract and quasi-contract theories. Under these theories of recovery, plaintiffs contend that if the Court concludes that there were valid contracts of carriage between plaintiffs and BNSF, ambiguities about which transportation rates apply should be construed against BNSF and the lower public rates should apply. In the alternative, plaintiffs argue that if the Court does not conclude that there are valid contracts of carriage, plaintiffs are entitled to recover the difference between the confidential quote and the publicly announced rates under the theory of *quantum meruit*. The Magistrate Judge determined that plaintiffs' contract and quasi-contract theories were not properly pled, even under liberal pleading rules. (Report and Recommendation, Docket No. 39 at 6.)

---

(Footnote continued.)

*also* 49 U.S.C. § 10501(b) ("[T]he remedies provided in this part with respect to rates, classifications, rules . . . are exclusive and preempt the remedies provided under Federal or State law.").

[3] The Court also notes that plaintiffs' brief objecting to the Report and Recommendation is the first time that plaintiffs assert that this case is about tariff construction or interpretation. A party may not give birth to new contentions in objecting to a Magistrate Judge's recommendation. *Roberts v. Apfel*, 222 F.3d 466, 470 (8th Cir. 2000).

Plaintiffs' argument that these theories are contained in their complaint is based on the following passage: "as a matter of well-settled law, a shipper . . . is entitled to the lowest applicable rate." (Complaint at ¶¶ 16, 20, 24, 28, 32.) It would be a stretch to conclude from this allegation that plaintiffs intended to pursue contract or quasi-contract theories of recovery, as opposed to recovery under federal regulatory law. Indeed, plaintiffs do not, and presumably cannot, point to any contract or quasi-contract theory that dictates that they are entitled to the lowest applicable rate in a railway transportation contract. The Court thus agrees with the Magistrate Judge that these theories are simply too far afield of plaintiffs' allegations in the complaint. Thus, plaintiffs' objection is overruled.

Accordingly, the Court adopts the Report and Recommendation of the Magistrate Judge.[4]

### C.   The Court Has Jurisdiction to Adjudicate Plaintiffs' Claim

Plaintiff also objects on the basis that this Court has jurisdiction to adjudicate their claim. (Pl.'s Objections, Docket No. 40 at 3.) Plaintiffs, however, do not cite any portion of the Report and Recommendation in which the Magistrate Judge suggested or

---

[4] Plaintiffs also object to the Report and Recommendation's statement that "[w]hen Plaintiffs decided to use Defendant's rail services for the delivery of Caterpillar goods, Plaintiffs agree to pay the rate negotiated between Defendant and Caterpillar." (Report and Recommendation, Docket No. 39 at 2. Plaintiffs claim that this statement is styled as a fact and 1) ignores that there was no bilateral agreement in the record between plaintiffs and Caterpillar and 2) suggests that the Magistrate Judge impermissibly inferred that there was such a provision when plaintiffs are entitled to the benefit of all reasonable inferences when challenging a motion for summary judgment. (Pl.'s Objections, Docket No. 40 at 3.) Ultimately, it is unnecessary to conclude that this statement is "styled" as a factual statement or that the Magistrate Judge improperly gave the benefit of such an inferred fact to the moving party. For the reasons stated above, plaintiffs' objections fail, regardless.

concluded that the Court did not have jurisdiction over this matter. Rather, the Court briefly and correctly notes only that the "Surface Transportation Board (to which Congress transferred the ICC's remaining power over rates) retains jurisdiction over exempt traffic." (Report and Recommendation, Docket No. 39 at 4.) The Magistrate Judge did not contrast federal jurisdiction with the Surface Transportation Board's ("STB") primary jurisdiction, but merely explained that the STB is the current authority for determining which commodities are exempt from federal regulation. There is no question that the Court may exercise jurisdiction over this matter, and the Court overrules plaintiffs' objection.

## ORDER

Based on the foregoing records, files, and proceedings herein, the Court **OVERRULES** Plaintiffs' objections [Docket No. 40] and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated September 9, 2008 [Docket No. 39]. **IT IS HEREBY ORDERED** that defendant's Motion for Summary Judgment [Docket No. 27] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 31, 2009  
at Minneapolis, Minnesota.

                                                         s/ John R. Tunheim  
                                                           JOHN R. TUNHEIM  
                                                        United States District Judge